UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

FREDY SAPON ARAUS, JORDAN SAPON
SAPON, and WILSON TOHOM SAPON

                     Plaintiffs,

          -against-

FAV PIZZA CORP. d/b/a FRANCESCO
PIZZERIA, MARGHERITA RAPPA, and
VITO RAPPA,

                     Defendants.

------------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiffs Fredy Sapon Araus, Jordan Sapon Sapon, and Wilson Tohom Sapon ("Plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of Defendants Fav Pizza Corp. d/b/a Francesco Pizzeria ("Francesco Pizzeria"), Margherita Rappa, and Vito Rappa (collectively, "Defendants"), allege:

## NATURE OF THE COMPLAINT

       1.    Plaintiffs regularly worked over forty hours per workweek as food preparers and delivery workers at Francesco Pizzeria, an Italian pizzeria and restaurant located in Manhattan.  Throughout Plaintiffs' employment, Defendants paid Plaintiffs on day rate bases that failed to compensate Plaintiffs for regular hours worked at the statutory minimum wage rate and failed to provide Plaintiffs with overtime pay for hours worked over forty per workweek.  Defendants also failed to provide Plaintiffs with: (1) spread-of-hours pay when they worked shifts spanning over ten hours, (2) wage notices at their time of hiring and when their wage rates changed, and (3) accurate wage statements with each payment of wages.

       2.    Plaintiffs bring this action to recover their unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201, *et seq*. ("FLSA"), the New York Labor Law § 190, *et seq*. ("NYLL"), and the NYLL's Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3.       This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4.       Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred at Francesco Pizzeria, which is located and operated by Defendants in the Southern District of New York.

## THE PARTIES

**Plaintiff Fredy Sapon Araus**

5.       Fredy Sapon Araus ("Araus") resides in Kings County, New York.

6.       Defendants employed Araus as a food preparer and delivery worker from approximately March 2019 through October 2021.

**Plaintiff Jordan Sapon Sapon**

7.       Jordan Sapon Sapon ("Sapon") resides in Kings County, New York.

8.       Defendants employed Sapon as a food preparer and delivery worker from approximately July 2016 until August 15, 2022.

**Plaintiff Wilson Tohom Sapon**

9.       Wilson Tohom Sapon ("Tohom") resides in Kings County, New York.

10.       Defendants employed Tohom as a food preparer and delivery worker from approximately June 2017 until March 2018 and again from approximately December 2019 through September 2021.

**Defendant Fav Pizza Corp.**

11.     Defendant Fav Pizza Corp. is a New York corporation that owns, operates, and does business as Francesco Pizzeria, an Italian pizzeria and restaurant located on 186 Columbus Ave, New York, NY 10023.

12.     Francesco Pizzeria is an "enterprise engaged in commerce" within the meaning of the FLSA.

13.     Francesco Pizzeria has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14.     In the three years preceding the filing of this Complaint, Francesco Pizzeria has had an annual gross volume of sales in excess of $500,000.

15.     Throughout Plaintiffs' employment, Francesco Pizzeria employed at least eleven employees.

**Defendant Margherita Rappa**

16.     Defendant Margherita Rappa is an owner and principal of Francesco Pizzeria.

17.     Margherita Rappa is listed as the Chief Executive Officer of Francesco Pizzeria on New York State Division of Corporations business entity filings.

18.     On information and belief, Margherita Rappa held power and authority over personnel decisions at Francesco Pizzeria, including the power to set employee schedules and wage rates, retain time and/or wage records, and otherwise control conditions of employment.

19.     On information and belief, Margherita Rappa exercised this power and authority along with Defendant Vito Rappa and through managers at Francesco's Pizzeria.

20.     Margherita Rappa exercised sufficient control over Francesco Pizzeria operations to be considered Plaintiffs' employer under the FLSA and NYLL.

**Defendant Vito Rappa**

21.     Defendant Vito Rappa is an owner and principal of Francesco Pizzeria.

22.     Vito Rappa has held himself out as an owner of Francesco Pizzeria in the press and has been referred to as a "mayor" figure on his block." *See* Francesco's Pizzeria: So Much More Than a Pizza Joint (August 12, 2011), https://myfiveblocks.com/2011/08/12/francescos-pizzeria-so-much-more-than-a-pizza-joint (last accessed October 3, 2022).

23.     Throughout Plaintiffs' employment, Vito Rappa held power and authority over personnel decisions at Francesco Pizzeria, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

24.     Rappa exercised this power and authority personally and through managers at Francesco Pizzeria, including manager Andrien Kastrati.

25.     Throughout Plaintiffs' employment, Vito Rappa was regularly present at Francesco Pizzeria directing the work duties of employees.

26.     For example, Vito Rappa would personally deliver the ingredients for Francesco Pizzeria and directed employees in unloading ingredients into the restaurant.

27.     While Andrien Kastrati was responsible for communicating directly with Plaintiffs regarding their wages, schedules, and other personnel matters, on information and belief, Vito Rappa held the ultimate authority over personnel decisions at Francesco Pizzeria.

28.     Vito Rappa exercised sufficient control over Francesco Pizzeria's operations and Plaintiffs' employment to be considered Plaintiffs' employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

**Fredy Sapon Araus's Wages and Hours Worked**

29.     Araus worked as a food preparer and delivery worker throughout his employment at Francesco Pizzeria.

30.     From approximately March 2019 through mid-March 2020, with the exception of approximately two months in 2019 when Francesco Pizzeria was closed due to a gas leak, Araus regularly worked twelve-hour shifts, from 11:00 a.m. to 11:00 p.m., five days per week, totaling approximately sixty hours per workweek.

31.     From approximately May 2020 through October 2021, Araus regularly worked nine- and one-half hour shifts, from either 11:00 a.m. to 8:30 p.m. or from 12:00 p.m. to 9:30 p.m., four days per week, totaling approximately thirty-eight hours per workweek.

32.     From approximately March 2019 through October 2019, Defendants paid Araus $60 per day worked.

33.     From approximately November 2019 through October 2021, Defendants paid Araus $80 per day worked.

**Jordan Sapon Sapon's Wages and Hours Worked**

34.     Sapon worked as a food preparer and delivery worker throughout his employment at Francesco Pizzeria.

35.     From approximately July 2016 through June 2018, Sapon regularly worked twelve-hour shifts, from 11:00 a.m. to 11:00 p.m., six days per week, totaling approximately seventy-two hours per workweek.

36.     From approximately July 2018 through mid-March 2020, with the exception of approximately two months in 2019 when Francesco Pizzeria was closed due to a gas leak, Sapon regularly worked twelve-hour shifts, from 10:00 a.m. to 10:00 p.m., five days per week, totaling approximately sixty hours per workweek.

37.     From approximately May 2020 through November 2020, Sapon regularly worked nine- and one-half hour shifts, from either 11:00 a.m. to 8:30 p.m. or 12:00 p.m. to 9:30 p.m., three days per week, totaling approximately twenty-eight and one-half hours per workweek.

38.     From approximately December 2020 until August 15, 2022, Sapon regularly worked nine- and one-half hour shifts, from either 11:00 a.m. to 8:30 p.m. or 12:00 p.m. to 9:30 p.m., four days a week, totaling approximately thirty-eight hours per workweek.

39.     From approximately July 2016 through December 2017, Defendants paid Sapon $50 per day worked.

40.     From approximately January 2018 through June 2018, Defendants paid Sapon $64 per day worked.

41.     From approximately July 2018 through December 2018, Defendants paid Sapon $80 per day worked.

42.     From approximately January 2019 through mid-March 2020, Defendants paid Sapon $96 per day worked.

43.     From approximately May 2020 through April 2022, Defendants paid Sapon $95 per day worked.

44.     From approximately May 2022 through August 2022, Defendants paid Sapon $110 per day worked.

**Wilson Tohom Sapon's Wages and Hours Worked**

45.     Tohom worked as a food preparer and delivery worker throughout his employment at Francesco Pizzeria.

46.     From approximately June 2017 through March 2018, Tohom regularly worked: (1) a twelve-hour shift on Sundays, from 12:00 p.m. to 12:00 a.m., (2) a twelve-hour shift on Mondays, from 1:00 p.m. to 1:00 a.m., (3) twelve-hour shifts on Wednesdays and Thursdays, from 2:00 p.m. to 2:00 a.m., and (4) eleven-hour shifts on Fridays and Saturdays, from 4:00 p.m. to 3:00 a.m., totaling approximately seventy hours per workweek.

47.     From approximately December 2019 through mid-March 2020, Tohom regularly worked twelve-hour shifts, from 12:00 p.m. to 12:00 a.m., five days per week, totaling approximately sixty hours per workweek.

48.     From approximately May 2020 through September 2021, Tohom regularly worked nine-and one-half hour shifts, from either 11:00 a.m. to 8:30 p.m. or 12:00 p.m. to 9:30 p.m., four days per week, totaling approximately thirty-eight hours per workweek.

49.     From approximately June 2017 through July 2017, Defendants paid Tohom $45 per day worked.

50.     From approximately August 2017 through March 2018, Defendants paid Tohom $50 per day worked.

51.     From approximately December 2019 through mid-March 2020, Defendants paid Tohom $60 per day worked.

52.     From approximately May 2020 through September 2021, Defendants paid Tohom $80 per day worked.

**Allegations Applicable to All Plaintiffs**

53.    Plaintiffs did not work from approximately mid-March 2020 through April 2020 because Francesco Pizzeria was closed due to the Covid-19 pandemic.

54.    At points during their employment, Plaintiffs' regular wage rates fell below the statutory minimum wage rate for large employers in Manhattan.

55.    Defendants did not pay Plaintiffs spread-of-hours pay on days when they worked shifts spanning over ten hours.

56.    Defendants did not provide Plaintiffs with wage notices at their time of hire or when their wage rates changed.

57.    Throughout their employment, Defendants paid Plaintiffs' wages without accompanying wage statements accurately reflecting, *inter alia,* their hours worked, and hourly rates paid.

58.    Defendants' wage payment policies and practices were previously the subject of a lawsuit in the Southern District of New York, which settled for $87,000.  *See Quic Poncio et al. v. Francesco Pizzeria & Italian Restaurant Corp. et al.*, No. 17 Civ. 9660 (JLC).

## FIRST CLAIM
### (NYLL – Unpaid Minimum Wages)

59.    Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

60.    Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") regulations, and employed Plaintiffs.

61.    The NYLL and supporting NYDOL regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

62.    Defendants failed to pay Plaintiffs the minimum wages to which they were entitled under the NYLL.

63.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs minimum hourly wages.

64.     As a result of Defendants' violations of the NYLL, Plaintiffs are entitled to recover their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages)**

65.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

66.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiffs.

67.     Defendants were required to pay Plaintiffs one and one-half (1½) times their regular hourly rates for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

68.     Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the FLSA.

69.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs the proper overtime wage rate.

70.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

71.     As a result of Defendants' violations of the FLSA, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**THIRD CLAIM**
**(NYLL – Unpaid Overtime Wages)**

72.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

73.     Pursuant to the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiffs one and one-half (1 ½) times their regular rates of pay, which shall not be less than the minimum wage rate, for all hours worked over forty per workweek.

74.     Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the NYLL and its supporting regulations.

75.     Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiffs overtime wages.

76.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FOURTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

77.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

78.     Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.6.

79.     As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FIFTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

80.     Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

81.     The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

82.     In violation of NYLL § 195(1), Defendants failed to furnish Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

83.     As a result of Defendants' violations of NYLL § 195(1), Plaintiffs are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b)

## SIXTH CLAIM
### (NYLL WTPA – Failure to Provide Accurate Wage Statements)

84.     Plaintiffs repeat and incorporate all foregoing paragraphs.

85.     The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

86.     Defendants failed to furnish Plaintiffs, with each payment of wages, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the

hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

87.    As a result of Defendants' violations of NYLL § 195(3), Plaintiffs are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.    declare that Defendants violated the minimum wage provisions of the NYLL, and supporting NYDOL regulations;

b.    declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

c.    declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

d.    declare the Defendants violated the wage notice and wage statement provisions of the NYLL's WTPA;

e.    declare that Defendants' violations of the FLSA and the NYLL were willful;

f.    enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

g.    award Plaintiffs damages for unpaid minimum and overtime wages;

h.    award Plaintiffs damages for unpaid spread-of-hours pay;

i.    award Plaintiffs liquidated damages;

j.      award Plaintiffs statutory damages as result of Defendants' failure to furnish Plaintiffs with wage notices and accurate wage statements as required by the NYLL's WTPA;

k.      award Plaintiffs pre- and post-judgment interest under the NYLL;

l.      award Plaintiffs reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

m.      award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated:  New York, New York
        November 16, 2022

PECHMAN LAW GROUP PLLC

By:  */s/ Louis Pechman*
     Louis Pechman
     Galen C. Baynes
     488 Madison Avenue, 17th Floor
     New York, New York 10022
     Tel.: (212) 583-9500
     pechman@pechmanlaw.com
     baynes@pechmanlaw.com
     *Attorneys for Plaintiffs*